UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. HICKS,<br><br>    Plaintiff,<br><br>vs.<br><br>M. V. SEXTON, et al.,<br><br>    Defendants. | 1:18-cv-00764-LJO-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST REMEDIES BEFORE FILING SUIT**<br>**(ECF No. 1.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.    BACKGROUND**

Michael J. Hicks ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On June 5, 2018, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

On August 20, 2018, Plaintiff filed a request for the court to change the filing date of the Complaint because he did not exhaust his administrative remedies until July 13, 2018. (ECF No. 15.) On August 21, 2018, the court issued an order denying the request. (ECF No. 16.)

**II.    EXHAUSTION OF REMEDIES**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

A prisoner may be excused from complying with the PLRA's exhaustion requirement if he establishes that the existing administrative remedies were effectively unavailable to him. See Albino v. Baca, 747 F.3d 1162, 1172-73 (9th Cir. 2014). When an inmate's administrative grievance is improperly rejected on procedural grounds, exhaustion may be excused as "effectively unavailable." Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010); see also Nunez v. Duncan, 591 F.3d 1217, 1224–26 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); Ward v. Chavez, 678 F.3d 1042, 1044-45 (9th Cir. 2012) (exhaustion excused where futile); Brown v. Valoff, 422 F.3d 926, 940 (9th Cir. 2005) (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available); Marella v. Terhune, 568 F.3d 1024 (9th Cir. 2009) (excusing an inmate's failure to exhaust because he did not have access to the necessary grievance forms to timely file his grievance).

"A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .") Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (overruled on other grounds by Albino, 747 F.3d at 1168-69); see also Salas v. Tillman, 162 Fed.App'x. 918 (11th Cir. 2006) (*sua sponte* dismissal of prisoner's civil rights claims for failure to exhaust was not abuse of discretion; prisoner did not dispute that he timely failed to pursue his administrative remedies, and a continuance would not permit exhaustion because any grievance would be untimely). In his request filed on August 20, 2018, Plaintiff conceded that he did not exhaust his administrate

remedies for the claims in this case before filing suit. Therefore, it appears clear that Plaintiff filed suit prematurely, and in such instances, the case may be dismissed.

### III.      CONCLUSION AND RECOMMENDATIONS

The court finds that Plaintiff has conceded to his failure to exhaust his administrative remedies before filing suit, pursuant to the Prison Litigation Reform Act of 1995.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. This case be DISMISSED, without prejudice, for Plaintiff's failure to exhaust his available administrative remedies before filing suit; and
2. The Clerk be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 23, 2018**               **/s/ Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE